**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KRISTEN SCHOFIELD,**

Plaintiff,

**v.** **CASE NO.:**

**GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO, A Florida Profit Corporation, RICHARD D. HILL, in his individual capacity, and MAUREEN MONREALE, in her individual capacity,**

Defendants.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KRISTEN SCHOFIELD ("Plaintiff"), files this Complaint against the Defendants GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO, A Florida Profit Corporation, RICHARD D. HILL, in his individual capacity, and MAUREEN MONREALE, in her individual capacity, ("Defendants"), for unpaid wages and other relief under the Fair Labor Standards Act and the Florida Constitution, and alleges as follows:

**INTRODUCTION**

1. This is an action by the Plaintiff against her previous employer for unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and the

Florida Constitution. Plaintiff seeks damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") and the Florida Constitution.

2. Further, pursuant to 29 U.S.C. Section 218, part of the FLSA, employers must comply with any state law that establishes a minimum wage higher than the minimum wage under the FLSA. 29 U.S.C § 218(a).

3. Moreover, 29 C.F.R. Section 541.4 states: "Employers must comply ... with any Federal, State, or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act." 29 C.F.R. § 541.4.

**JURISDICTION**

4. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. Seq*, and the Florida Constitution. Jurisdiction is proper in this court pursuant to 29 U.S.C. § 216 and Florida Constitution, Art. X, Sec. 24.

5. Pursuant to Florida Statute 448.110(6), Plaintiff served a pre-suit demand letter on Defendants. *See* Letter attached as Exhibit A. More than fifteen (15) days have expired since Defendants' receipt of the letter and Defendants did not meet Plaintiff's demands.

## VENUE

6. Venue is proper because Defendant conducts substantial business in Pasco County, Florida, and Plaintiff worked for Defendant in Pasco County, Florida, where the actions at issue took place.

## PARTIES

7. Plaintiff worked as an Adult Entertainer for Defendant in Florida.

8. Plaintiff began working with Defendant in 2021.

9. Defendant GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO, is a company located in Port Richey, Florida.

10. Defendant RICHARD D. HILL owns and operates GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO in Port Richey, Florida.

11. Defendant MAUREEN MONREALE owns and operates GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO in Port Richey, Florida.

## FLSA ENTERPRISE COVERAGE

12. At all material times relevant to this action (2021-2026), Defendant, GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO, was an enterprise covered by the FLSA, as defined by 29 U.S.C. § 203(r) and 203 (s).

13. At all material times relevant to this action (2021-2026), Defendant made gross earnings of at least $500,000.00 annually.

14. At all material times relevant to this action (2021-2026), Defendant accepted payments from customers based on credit cards issued by out of state banks.

15. At all times relevant to this action (2021-2026), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked.

16. Defendant controlled and/or was responsible for the work of Plaintiff.

## FACTUAL ALLEGATIONS

17. Plaintiff worked as an Adult Entertainer for Defendants from 2021 through 2026.

18. Plaintiff was not paid an hourly wage throughout her employment with Defendant.

19. Defendants required Plaintiff to utilize her tips to pay the staff.

20. Specifically, Plaintiff was required to tip the DJs, Doorman, and other Adult Entertainers.

21. As such, Plaintiff lost out on approximately $360.00 per week in tips.

22. Defendants operated and managed the Club and were all involved in the day-to-day operation of the Club.

23. Defendants made the decision to classify Plaintiff as an independent contractor rather than an employee.

24. Defendants employed Plaintiff within the last five (5) years.

25. Plaintiff worked in the State of Florida without being paid at least the full minimum wage for all hours worked.

26. Defendants controlled and/or were responsible for the work of Plaintiff.

27. Plaintiff did a specific job, i.e., dance for, and entertain guests, which was/is an integral part of the business of Defendants.

28. As a result of these common policies, Plaintiff is entitled to receive full minimum for each hour worked as repayment improperly unpaid/deducted from her wages.

29. During her employment, Plaintiff complained about the illegal practices above to Defendants' management, and Defendants took no action to stop the illegal practices.

30. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived. *See* Plaintiff's Demand letter attached as Exhibit "A."

31. Defendants made the decision to classify Plaintiff as an independent contractor rather than employee.

32. Defendants made the decision to require Plaintiff to pay certain fees and tip-outs each shift.

33. Defendants directly and indirectly controlled Plaintiff's work schedules by requiring her to work a minimum number of shifts and hours per shift or pay a monetary penalty for failure to do so.

34. Defendants' managers directly and indirectly controlled the appearance and dress of dancers.

35. Defendants and their managers had the authority to suspend and discipline dancers.

36. Defendants and their managers directly and indirectly supervised dancers on a day-to-today basis.

37. Defendants made all advertising, marketing and promotional decisions regarding the club and paid all costs associated with advertising marketing and promoting the club.

38. Defendants required customers to pay a "door fee" to enter the business and thus had ultimate authority as to which individuals were allowed to enter the club as customers.

39. Defendants enforced a mandatory check-out process for their dancers, which included the payment of various fees to the club and DJs.

40. Defendants maintained and enforced written and unwritten rules of conduct for dancers.

41. The duties of Defendants' management included ensuring that dancers complied with club rules and policies.

42. Defendants provided all stages used for dance performances at the Club.

43. Defendants provided poles used for dance performances at the Club.

44. Defendants are responsible for day-to-day purchases of liquor for sale at the Club.

**COUNT I - VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, SEC. 24**
**(Minimum Wage)**

45. Plaintiff reasserts the allegations set forth in Paragraphs 1-11 and 17-44 above and incorporate them by reference into this first Claim of Relief.

46. Defendants systematically and willfully did not pay Plaintiff the minimum wage to which they are entitled to under Florida law because Defendants failed to properly compensate Plaintiff as an eligible employee and not an independent contractor, therefore failing to provide compensation that was equal to the applicable Florida minimum wage.

47. Defendants should have paid the proper minimum wage to Plaintiff.

48. Under Florida law, Plaintiff is entitled to injunctive relief, the recovery of the full amount of unpaid wages owed, liquidated damages, costs, attorneys' fees, and any other relief which this Court deems just and proper.

**COUNT II- VIOLATION OF 29 U.S.C. § 206 AND 215**

49. Plaintiff reasserts the allegations set forth in Paragraphs 1-44 above and incorporate them by reference into this second Claim of Relief.

50. Plaintiff is an employee covered by the FLSA and are entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

51. Defendants did not compensate Plaintiff at an hourly rate above or equal to the minimum wage.

52. Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage.

53. Plaintiff is entitled to payment of her minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

54. Defendants' requirement that Plaintiff pay fees and fines to the Club and its managers, house moms, floor guys, and DJs violated the "free and clear" requirement of 29 CFR 531.35.

55. Plaintiff is entitled to receive all unpaid minimum wages from Defendants for the hours that she worked.

56. Plaintiff is entitled to recover from Defendants as part of her wage loss, all fees, tip-outs and fines that she was required to pay in order to work at the Club.

57. Defendants' violation of the FLSA was willful.

58. In other words, Defendants knew or showed reckless disregard for the fact that its wage and "pay to work" policies violated the FLSA.

59. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

60. Defendants failed to act in good faith in implementing and enforcing their wage and "pay to work" policies and their implementation and enforcement of these policies were unreasonable.

61. Defendants violated the record keeping requirements of the FLSA.

62. As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiff for litigation costs, including reasonable attorney's fees, in accordance with FLSA §16(b), 29 U.S.C. § 216(b).

**COUNT III- REIMBURSEMENT OF HOUSE FEES AND TIPS**

63. Plaintiff reasserts the allegations set forth in Paragraphs 1-44 above and incorporate them by reference into this third Claim of Relief.

64. Defendants further violated the FLSA by requiring the Plaintiff and the class members to pay house fees and tip outs as a condition of employment.

65. Defendants' house fee and tip out requirement benefitted the Defendants and caused Plaintiff's potential wages to fall well below the minimum wage.

66. Pursuant to the FLSA, specifically 29 CFR § 531.35, wages must be paid "free and clear."

67. 29 CFR § 531.35, states in part "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."

68. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee."

69. The house fees paid by the Plaintiff constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

70. The tip-outs paid by the Plaintiff to the "doorman," other entertainers, and the DJ constitute "illegal kickbacks" pursuant to 29 CFR § 531.35.

71. These sums must be returned to Plaintiff to bring Defendants' minimum wage obligations to the Plaintiff complied with the requirements of the FLSA.

72. Defendants' policy of house fees and tip outs were not recorded in the federal and state tax returns or gross receipts.

73. Defendants are not entitled to a set-off or tip credit for sums earned by the Plaintiff.

74. Defendants are liable to the Plaintiff in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by Defendant, and in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

**COUNT IV- VIOLATION OF THE FLSA AND FLORIDA MINIMUM WAGE ACT BY DEFENDANT RICHARD D. HILL, INDIVIDUALLY**

75. Plaintiff reasserts the allegations set forth in Paragraphs 1-44 above and incorporate them by reference into this fourth Claim of Relief.

76. Defendant, RICHARD D. HILL, is/was the "employer and employs(ed) Plaintiff as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

77. Defendant, RICHARD D. HILL, is/was engaged in "commerce" and/or in the productions of "goods" for "commerce".

78. Defendant RICHARD D. HILL operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

79. Defendant RICHARD D. HILL is/was responsible for hiring GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO's employees.

80. Defendant RICHARD D. HILL is/was responsible for firing GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO's employees.

81. Defendant RICHARD D. HILL made the decision to classify Plaintiff as an independent contractor.

82. Defendant RICHARD D. HILL made the decision that Plaintiff did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

83. As a result, Defendant RICHARD D. HILL is individually liable for any damages under the FLSA.

84. Wherefore, Plaintiff seeks judgement against Defendant RICHARD D. HILL for any FLSA damages.

**COUNT V- VIOLATION OF THE FLSA AND FLORIDA MINIMUM WAGE ACT BY DEFENDANT MAUREEN MONREALE, INDIVIDUALLY**

85. Plaintiff reasserts the allegations set forth in Paragraphs 1-44 above and incorporate them by reference into this fourth Claim of Relief.

86. Defendant, MAUREEN MONREALE, is/was the "employer and employs(ed) Plaintiff as an "employee" within the meaning of the FLSA, 29, U.S.C. § 203(d).

87. Defendant, MAUREEN MONREALE, is/was engaged in "commerce" and/or in the productions of "goods" for "commerce".

88. Defendant MAUREEN MONREALE operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

89. Defendant MAUREEN MONREALE is/was responsible for hiring GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO's employees.

90. Defendant MAUREEN MONREALE is/was responsible for firing GOODFELLOWS OF PASCO COUNTY, INC. d/b/a BRASS FLAMINGO's employees.

91. Defendant MAUREEN MONREALE made the decision to classify Plaintiff as an independent contractor.

92. Defendant MAUREEN MONREALE made the decision that Plaintiff did not qualify for an hourly rate at least equal to the Federal Minimum Wage.

93. As a result, Defendant MAUREEN MONREALE is individually liable for any damages under the FLSA.

94. Wherefore, Plaintiff seeks judgement against Defendant MAUREEN MONREALE for any FLSA damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants for unpaid minimum wages, all tips that were improperly misappropriated, an equal amount in liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 6th day of October, 2026.

Respectfully submitted,

s/ J.P. Numa
J.P. Numa, Esquire – LEAD COUNSEL
FBN: 1015371
Anthony Hall, Esquire
FBN: 40924
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: jpnuma@theleachfirm.com

Email: Ahall@theleachfirm.com
Email: Jcastro@theleachfirm.com
***Attorneys for Plaintiff***